UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KESHA T. WILLIAMS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STACEY A. KINCAID, *et al.* ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-01397 (CMH/TCB) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT XIN WANG'S MOTION TO DISMISS**

Plaintiff Kesha T. Williams ("Ms. Williams" or "Plaintiff"), by counsel, hereby submits the following Memorandum in Opposition to Defendant Xin Wang's ("Nurse Wang" or "Defendant") Motion to Dismiss.

**BACKGROUND**

Ms. Williams brings claims against Nurse Wang for deliberate indifference in violation of her rights under the Eighth Amendment; failure to accommodate in violation of Title II of the Americans with Disabilities Amendments Act ("ADAAA"); and gross negligence in violation of Virginia common law.

Ms. Williams stipulates to the dismissal of her claim of failure to accommodate in violation of Title II of the ADAAA.

Contrary to Defendant's argument, Ms. Williams' remaining claims against Nurse Wang are not time barred, as this Court granted a 30-day extension for service of process of the Amended Complaint in addition to the time permitted under the Federal Rules of Civil Procedure. Ms. Williams' pleadings meet the relation back requirements set forth in the Federal

Rules and the allegations in her Amended Complaint properly relate back to the date of her original Complaint.

Ms. Williams brings her Eighth Amendment claim of deliberate indifference and her claim of gross negligence against Nurse Wang in her individual capacity. She has pled facts sufficient to demonstrate Nurse Wang knew and disregarded an excessive risk to Ms. Williams' safety when Nurse Wang delayed her hormone treatment, failed to provide hormone treatments consistently, and failed to conduct an individualized assessment of Ms. Williams' medical needs, all of which constitute Eighth Amendment deliberate indifference. Further, Ms. Williams' allegations properly support a claim of gross negligence against Nurse Wang.

## **STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claims, or the applicability of defenses." *Presely v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). Instead, upon a motion to dismiss, a court assumes the truth of all facts alleged in the complaint and must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

More recently, the Supreme Court has explained that, to survive a motion to dismiss, a complaint must contain factual information to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint can withstand a

motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Finally, in *Aschcroft v. Iqbal*, 556 U.S. 662, 663 (2009), the Supreme Court further explained that to achieve facial plausibility, a complaint should contain sufficient factual allegations to support a reasonable inference that a defendant is liable for the misconduct alleged. *See id*. at 663.

## ARGUMENT

### I. MS. WILLIAMS' CLAIMS AGAINST NURSE WANG ARE NOT TIME BARRED AND PROPERLY RELATE BACK TO THE DATE OF HER ORIGINAL COMPLAINT.

Plaintiff's claims against Nurse Wang are not time barred. As Defendant notes, the Relation Back doctrine applies to re-naming John Does in amended complaints when the John Doe defendant receives notice before the expiration of service provided under Federal Rule of Civil Procedure Rule 4(m). Def.'s Mot. to Dismiss at 4-5 (citing *Rumble v. 2nd Ave Value Stores*, 442 F. Supp. 3d 909, 915 (E.D. Va. 2020)).

Federal Rule of Civil Procedure 4(m) requires that a defendant must be served within 90 days after the complaint is filed. However, the Rule further states that the plaintiff may show good cause for a failure to serve a defendant within this period, at which point "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Ms. Williams filed her original complaint on November 16, 2020. (ECF No. 1). Nurse Wang is first referred to by name, rather than as a Doe defendant, in Ms. Williams' Amended Complaint filed on February 12, 2021. (ECF No. 21). On that same date, by agreement of both Parties and with notice to Defendants' counsel, Plaintiff filed a Motion to Extend Time to Serve with this Court requesting, with good cause, an extension of thirty (30) days to serve all named Defendants. (ECF No. 25). The Court granted Plaintiff's motion and permitted her until March

18, 2021 to serve Defendants. (ECF No. 26). Plaintiff served Nurse Wang on March 12, 2021. (ECF No. 46).

As this Court granted a 30-day extension of the 90-days permitted for service under Federal Rule 4(m), Ms. Williams' claims against Nurse Wang properly relate back to the date on which her original Complaint was filed. The claims against Nurse Wang set forth in Plaintiff's Amended Complaint are not time barred.

Defendant cites to an unpublished circuit court opinion in support of the contention that Virginia law does not contemplate John Doe pleadings outside of a narrow exception for uninsured motorists. Def.'s Mot. to Dismiss at p. 14 (citing *Frazier v. Red Robin Int'l, Inc.*, 99 Va. Cir. 214 (Fairfax 2018). *Frazier* involves a state claim heard in state court and not, as here, a pendent state claim over which a federal district court has supplemental jurisdiction. *Id.* Under the proper standard, Federal Rule of Civil Procedure 15(c), Ms. Williams' pleadings meet relation back requirements and the date of Ms. Williams' original complaint controls for statute of limitations purposes.

An amendment of a pleading relates back to the date of the original pleading when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the against whom the claim is asserted, if the foregoing provision (2) is satisfied and . . . the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(2), (3).

Ms. Williams' initial Complaint, filed on November 16, 2020, refers to Nurse Wang as a "health care Doe" and provides sufficient factual support to demonstrate that, although her identity was known to Plaintiff, her exact name was not.

Ms. Williams' gross negligence claim against Nurse Wang, as alleged in her Amended Complaint, arises out of the conduct, transaction, or occurrence set forth in the original pleading. Ms. William alleges in her Complaint that, during her initial medical evaluation on November 16, 2018, she "informed the *medical provider* she is transgender, that she lives full-time as a woman and identified as a woman, that she has been on hormone treatment for the past fifteen (15) years, and that her current hormone medication regiment consists of a daily pill and a bi-weekly injection." Compl. ¶¶ 32-34 (emphasis added). Despite Ms. Williams' request to this provider, her hormone treatment was not initiated until December 11, 2018. ¶¶ 49. Ms. Williams did not receive her scheduled treatment for weeks. Compl. ¶¶ 56-59. Ms. Williams amended her complaint to substitute the words "medical provider" with "Nurse Wang." As such, Ms. Williams' original complaint sets forth all of the material factual allegations underlying her claim of gross negligence, as well as sufficient information to name, upon limited early discovery conducted with the cooperation of Defendant's counsel, Nurse Wang as the individual medical provider described.

Defendant had notice of the institution of the action within the ninety (90) days provided under Federal Rule of Civil Procedure 4(m) and knew or should have known that she was the individual medical provider described in the initial complaint.[1] For these reasons, Defendant will

---

[1] Although the Amended Complaint was not served on Nurse Wang until March 15, 2021, the Amended Complaint was filed, and a copy was provided to Defendant's attorney, prior to the expiration of the ninety (90) day period. Further, as noted above, Defendant's attorney agreed to a thirty-day extension on service to Nurse Wang and this Court approved this extension on the time permitted to serve the Amended Complaint. *See* Exhibit 1, 2.

not be prejudiced by the relation back of Ms. Williams' claims to the date of her original complaint.

**II.  PLAINTIFF INTENDS TO PROCEED AGAINST NURSE WANG IN HER INDIVIDUAL CAPACITY ONLY.**

Plaintiff stipulates to the dismissal of her Eighth Amendment deliberate indifference claim and her gross negligence claim against Nurse Wang in her official capacity. Plaintiff intends to proceed against Nurse Wang in her individual capacity only.

**III.  PLAINTIFF HAS PLED FACTS SUFFICIENT TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST NURSE WANG IN HER INDIVIDUAL CAPACITY.**

Ms. Williams has pled facts sufficient to demonstrate Nurse Wang's actions constituted deliberate indifference in violation of the Eighth Amendment. Nurse Wang's actions in interrupting, then delaying Ms. Williams' treatment; failing to provide her consistent treatment; and failing to assess Ms. Williams' medical needs on an individualized basis demonstrate she knew and disregarded an excessive risk to Ms. Williams' health and safety in a manner violative of the Eighth Amendment.

Assessment of deliberate indifference has two aspects: an objective inquiry and a subjective inquiry. *Formica v. Aylor*, 739 F. App'x. 745, 754 (4th Cir. 2018) (citing *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A medical condition is shown as objectively serious when it 'would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Id*. at 744 (citing *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). To satisfy the subjective element, a plaintiff must show an individual "knows of and disregards an excessive risk to inmate safety or health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Fourth Circuit has held delayed medical treatment violates the Eighth Amendment only where it *results* in substantial harm to the plaintiff, such as a "marked exacerbation of the

prisoner's medical condition or frequent complaints of severe pain." *Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). Defendant argues that Ms. Williams failed to allege that her condition worsened or that she suffered substantial harm during the twenty-six days Nurse Wang delayed her treatment. Def.'s Mot. to Dismiss at p. 10. This is not true.

Ms. Williams alleges that on December 1, 2018, she requested a visit from a nurse due to symptoms she was experiencing as a result of the sudden cessation of her hormone therapy treatment. Am. Compl. ¶ 55. On or about that same date, Ms. Williams requested she be permitted mental health treatment and counseling to address these symptoms. Am. Compl. ¶ 57.

Ms. Williams cites to WPATH Standards of Care which provide that "abrupt withdrawal of hormones when medically necessary include a high risk of negative outcomes such as surgical self-treatment by autocastration, depressed mood, dysphoria, and/or suicidality. Am. Compl. ¶ 54. Ms. Williams' medical records reflect that hormone treatment is not only medically necessary for her, but also part of continuous, ongoing treatment she has required for gender dysphoria for the past fifteen years. Am. Compl. ¶ 60. The abrupt cessation of Ms. Williams' hormone treatment by Nurse Wang adversely affected her ongoing treatment for gender dysphoria and caused Ms. Williams significant mental and emotional distress. Am. Compl. ¶ 65.

Defendant does not contest that Nurse Wang knew of the risk to Ms. Williams the delay in treatment would create or that Nurse Wang did not choose to disregard that risk. Defendant argues only that a delay may be excused if it clearly arises from an administrative error. Def.'s Mot. To Dismiss at p. 10 (citing *Ebersole v. Conover*, 2010 WL 3629581 at *6 (W.D. Va. Aug.

27, 2010) *report and recommendation adopted*, 2010 WL 3585833 (W.D. Va. 2010)). *Ebersole* is factually distinct from the allegations at issue and inapplicable on its face.

The defendants in *Ebersole* failed to give the plaintiff his full dosage of medication on up to three, non-consecutive occasions during his incarceration. Upon becoming aware of the mistake, the defendants in *Ebersole* immediately sent the plaintiff to the medical section to ascertain the inmate's health had not been jeopardized by the oversight. *Ebersole*, 2010 WL 3629581 at *6. Here, Nurse Wang failed to provide Ms. Williams her hormone treatment for twenty-six consecutive days — not including the lapses in her treatment that followed — and did not run tests of any kind or provide alternate treatment or counseling to Ms. Williams in the interim to ensure the effects of the delayed treatment were addressed. Defendant has offered no explanation for the delay to indicate it arose from inadvertent error or mistake and it is a reasonable inference given the allegations in Ms. Williams' Amended Complaint that it did not.

**A. Ms. Williams Pled Facts Sufficient to Allege Deliberate Indifference Arising from Nurse Wang's Initial Interruption and Delay of Her Treatment.**

Ms. Williams has adequately alleged facts sufficient to plausibly state the objective element of her deliberate impact claim, in that she arrived with a serious medical condition that would result in harm if not treated, and Nurse Wang delayed that treatment for nearly a month. Ms. Williams has also alleged facts sufficient to establish the subjective element, that Nurse Wang both knew of the risk to Ms. Williams' health that an interruption of treatment would pose and chose to disregard it.

Ms. Williams informed Nurse Wang upon her initial evaluation that she lives full-time as a woman, identifies as a woman and has been on hormone treatment for the past fifteen (15) years that consists of a daily pill and a bi-weekly objection. Am. Comp. ¶ 35. Ms. Williams brought the medication required for treatment of her gender dysphoria with her on the date of her

8

booking into FCADC and informed Nurse Wang that it had been stored with her personal belongings at the facility. Am. Compl. ¶¶ 46, 48. Nurse Wang did not permit Ms. Williams to retrieve her medication or make arrangements that would permit her to do so. Am. Compl. ¶ 49. Pursuant to Fairfax County Sheriff's Office policy, transgender inmates who were receiving hormone treatment and therapy at the time of their incarceration shall be referred to an appropriate medical doctor for further evaluation. Am. Compl. ¶ 50.

Rather than refer Ms. Williams to a medical doctor at FCADC, Nurse Wang waited to receive records from the medical doctor Ms. Williams saw prior to her incarceration. Am. Compl. ¶ 53. Nurse Wang decided to stop Ms. Williams' hormone treatment prior to consulting Ms. Williams' medical records or communicating with her prior physician or any other physician. Am. Compl. ¶¶ 52-53. It took Nurse Wang three weeks to receive Ms. Williams medical records, and Nurse Wang took no steps to provide alternate treatment to Ms. Williams for her gender dysphoria in the interim. Am. Compl. ¶¶ 53, 58. Even after receiving Ms. Williams' medical records, which detailed the medical necessity of hormone treatment, Nurse Wang waited an additional six days before ordering the treatment for Ms. Williams, causing a total delay of seven days between the receipt of Ms. Williams' medical records and the administration of the treatment Ms. Williams required. Am. Compl. ¶¶ 58, 60, 64, 66.

Defendant attempts to characterize Nurse Wang's actions as a "mere disagreement as to the proper medical treatment" and argues that Ms. Williams, as with other prisoners, does not have a "constitutional right to the treatment of his or her choice." Def.'s Mot. to Dismiss at p. 12 (citing *King v. United States*, 536 F. App'x 358, 362-63 (4th Cir. 2013). The allegations set forth in Ms. Williams' Amended Complaint do not amount to a doctor-patient disagreement but rather suggest that Nurse Wang did not act based on her medical judgment at all. Nurse Wang did not

9

opt for one method of treatment over another, but instead withheld all treatment of Ms. Williams altogether for a period of weeks. Nurse Wang did not assess Ms. Williams individually and determine such a delay to be medically appropriate, so her actions at issue cannot be said to have been based on her medical judgment at all. *See, e.g.*, *De'Lonta v. Angelone*, 330 F.3d 630, 635 (4th Cir. 2003).

To the extent Nurse Wang's actions can be attributed to a disagreement in medical opinion, Ms. Williams' claim falls within an exception recognized by the Fourth Circuit. *See, e.g.*, *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). "It can be challenging to draw a line between an acceptable difference of opinion (especially because even admitted medical malpractice does not automatically give rise to a constitutional violation), and an action that reflects sub-minimal competence and crosses the threshold into deliberate indifference. **One hint of such a departure is when a doctor refuses to take instructions from a specialist**." *Graening v. Wexford Health* Services, 2021 WL 972278 at *6 (S.D. W.V., Mar. 15, 2021) (quoting Petties *v. Carter*, 836 F.3d 722, 736 (7th Cir. 2016) (emphasis added)).

For the first three weeks of Ms. Williams' incarceration, Nurse Wang failed to exercise any medical judgment at all. Following Nurse Wang's receipt of Ms. Williams' medical records, setting forth information a specialist about the years of continuous, daily hormone treatment Ms. Williams underwent out of medical necessity for her gender dysphoria, Nurse Wang still waited a week to act. Nurse Wang's decision to delay Ms. Williams' hormone treatment without any alternative treatment arose from Nurse Wang's medical judgment, such judgment reflects the type of "sub-minimal competence" that gives rise to a claim of deliberate indifference.

**B. Ms. Williams Pled Facts Sufficient to Allege Deliberate Indifference Arising from Nurse Wang's Failure to Provide Consistent Treatment to Ms. Williams.**

Nurse Wang's deliberate indifference toward Ms. Williams continued even after she finally began to administer the hormone treatment Ms. Williams required. Despite having Ms. Williams' full medical record from a specialist outlining the necessity of the hormone treatment and the continuity of such treatment, Nurse Wang allowed long lapses in its administration without regard for the consequences to Ms. Williams' health.

Ms. Williams' hormone treatment consisted of a daily oral medication and an injection once every two weeks. Am. Compl. ¶ 66. Nurse Wang failed to provide Ms. Williams the hormone injection she was scheduled to receive on three consecutive dates: April 22, 2019, May 9, 2019, and May 20, 2019. Am. Compl. ¶ 111-114. As a result, even once Nurse Wang began administering care to Ms. Williams, she went for a period of over a month without receiving the medically-necessary hormone treatment she required. Ms. Williams submitted a written complaint to FCADC on May 9, 2019 without avail. Am. Compl. ¶ 113.

This lapse in treatment did not result from Nurse Wang's medical judgment, as she had already determined Ms. Williams' hormone treatment to be medically necessary. Nor can this lapse in treatment be attributed to inadvertent mistake, as Defendant contends, as Ms. Williams brought the issue to Nurse Wang's attention and she failed to remedy it.

Ms. Williams has pled facts sufficient to plausibly allege the existence of an objectively serious medical condition for which Nurse Wang failed to provide treatment, and that she did so despite knowledge of an excessive risk to Ms. Williams' safety and health. This Court should deny Defendant's motion to dismiss Ms. William's Eighth Amendment claim of deliberate indifference against Nurse Wang.

### IV. PLAINTIFF HAS ADEQUATELY PLED FACTS SUFFICIENT TO STATE A CLAIM AGAINST NURSE WANG FOR GROSS NEGLIGENCE.

### A. The Procedural Grounds Identified by Defendant Do Not Warrant Dismissal of Ms. Williams' Claim of Gross Negligence.

Even if Ms. Williams' claim of gross negligence is properly considered a medical malpractice claim, as Defendant contends, she is not required to provide a written notice of her claim to the Commonwealth of Virginia to pursue her claim against Nurse Wang in her individual capacity. Defendant contests only Ms. Williams' claim of gross negligence against Nurse Wang in her official capacity. Ms. Williams intends to pursue her claim of gross negligence against Nurse Wang in her individual capacity only, and therefore the notice contemplated under Va. Code § 8.01-156 is not required.

### B. Defendant's Substantive Challenges to Ms. Williams' Claim of Gross Negligence Do Not Warrant Dismissal of Her Claim.

Defendant challenges Ms. Williams' claim against Nurse Wang as being impermissibly premised on vicarious liability. This argument is not supported by the facts as alleged in Ms. Williams' Amended Complaint. Ms. Williams seeks to hold Nurse Wang liable for her own individual acts and omissions rather than the acts and omissions of individuals she supervised or the acts and omissions of those who supervised her.

Defendant's argument that Ms. Williams failed to plead facts sufficient to state a claim of medical malpractice does not rely on a complete reading of the facts as alleged in Ms. Williams' Amended Complaint. Rather, Defendant contends that, in the event Ms. Williams' claim is found not to relate back, the factual allegations limited to two years preceding the filing of her Amended Complaint would be insufficient to demonstrate that Nurse Wang's acts were the proximate cause of an injury to Ms. Williams.

With due consideration given to all of the facts alleged in Ms. Williams' Amended Complaint, Ms. Williams has pled facts sufficient to plausibly allege a claim of gross negligence

against Nurse Wang. To succeed in her claim, Ms. Williams must establish "(1) the applicable standard of care, (2) a breach of that standard of care, and (3) that this breach proximately caused Plaintiff's injuries." *Parker v. United States*, 475 F. Supp. 2d 594, 598 (E.D. Va.), *aff'd*, 251 F. App'x 818 (4th Cir. 2007).

Defendant challenges only the third element of Ms. Williams' claim. Ms. Williams alleges in her Amended Complaint that, on or about December 1, 2018, Ms. Williams requested a "sick call visit" from a nurse due to symptoms she was experiencing as a result of the sudden cessation of her hormone therapy treatment. Am. Compl. ¶ 55. During this medical visit, Ms. Williams requested she be permitted mental health treatment and counseling. Am. Compl. ¶ 57. The nearly month-long period when Ms. Williams did not have the medication she required adversely affected her ongoing treatment for gender dysphoria and caused her significant mental and emotional distress. Am. Compl. ¶ 65. Nurse Wang's denial of necessary medical treatment for gender dysphoria caused irreparable harm and unnecessary suffering to Ms. Williams, including severe anxiety and distress resulting in emotional and psychological harm. Am. Compl. 122.

For the reasons stated above, Ms. Williams' claim of gross negligence against Nurse Wang meets the requirements for relation back to the date of her initial Complaint. The facts pled in Ms. Williams' Amended Complaint are sufficient to plausibly allege a claim of gross negligence against Nurse Wang. This Court should deny Defendant's motion to dismiss Ms. Williams' claim of gross negligence against Nurse Wang.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment (Count I) and

gross negligence (Count IV) against Nurse Wang in her individual capacity and allow Plaintiff to proceed against Nurse Wang on these claims.

Dated: April 19, 2021

Respectfully,

/s/
Joshua Erlich, VA Bar No. 81298
Katherine L. Herrmann, VA Bar No. 83203
Davia Craumer, VA Bar No. 87426
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA  22201
Tel:    (703) 791-9087
Fax:   (703) 722-8114
Email: jerlich@erlichlawoffice.com
            kherrmann@erlichlawoffice.com
            dcraumer@erlichlawoffice.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, the foregoing was filed electronically using the Court's CM/ECF System, which sent a true and accurate copy to:

Alexander Francuzenko
Philip C. Krone, Esq.
Cook Craig & Francuzenko
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
alex@cookcraig.com
pkrone@cookcraig.com

*Counsel for Defendant Nurse Wang*

/s/
Katherine L. Herrmann (VA Bar No. 83203)
The Erlich Law Office, PLLC
2111 Wilson Blvd. Suite 700
Arlington, VA  22201
Tel:     (703) 791-9087
Fax:    (703) 722-8114
Email: kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*