IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KESHA T. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-1397 |
| | ) |
| STACY A. KINCAID, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Stacy A. Kincaid's Motion to Dismiss for Failure to State a Claim.

Plaintiff is a transgender woman who has lived as a female and received hormone therapy for fifteen years. Plaintiff, however, maintains the male genitalia with which she was born. From 2018 to 2019, Plaintiff was incarcerated by the Fairfax County Sheriff's Office. Defendant Kincaid is the Sheriff of Fairfax County and responsible for the operation of the Fairfax County Adult Detention Center ("Detention Center"). During Plaintiff's intake at the Detention Center, she was classified as a male based on the Sheriff's Office policy that inmates are classified in accordance with his or her genitalia. Based on this classification, Plaintiff was placed in male housing and was subject to search by male staff. She also received male undergarments based on Sheriff's

Office policy that transgender inmates receive undergarments consistent with their housing classification.

In November 2020, Plaintiff brought suit against Defendant Kincaid (in her official capacity) and others acting on behalf of—or in coordination with—the Sheriff's Office. Plaintiff amended her complaint on February 12, 2021. The Amended Complaint claims Defendant Kincaid discriminated against Plaintiff based on Plaintiff's sex, in violation of the Fourteenth Amendment Equal Protection Clause. Plaintiff claims Defendant Kincaid is liable under the doctrine of *respondeat superior* for discrimination by the deputies at the Detention Center who failed to process, search, and house Plaintiff based on her gender identity. Additionally, Plaintiff asserts that Defendant Kincaid is responsible for discrimination because she instituted the classification and search policies that resulted in Plaintiff's alleged injury.

The Amended Complaint also includes a cause of action against Defendant Kincaid for failure to accommodate a disability in violation of the Americans with Disabilities Amendments Act ("ADAA") and Rehabilitation Act ("RA"). See 42 U.S.C. § 12101 *et seq.*; 29 U.S.C. § 794(a). Plaintiff asserts that she suffers from gender dysphoria and is therefore a qualified individual with a disability protected under the ADAA and RA.

Finally, the Amended Complaint asserts that Defendant Kincaid committed gross negligence when she failed to "appropriately

2

supervise, review, and ensure the provision of adequate care and treatment" to Plaintiff. It also asserts gross negligence when Defendant Kincaid "failed to enact appropriate standards and procedures that would have prevented" Plaintiff's harm.

On February 26, 2021, Defendant Kincaid filed a Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant seeks dismissal of Plaintiff's ADAA and RA claims as time barred and argues that gender dysphoria is not a qualified disability. The Motion also argues for dismissal of Plaintiff's gross negligence claim because Defendant Kincaid exercised some degree of care and because there is no showing that Defendant Kincaid was the proximate cause of Plaintiff's alleged injuries. Plaintiff voluntarily dismisses her 42 U.S.C. § 1983 claim in the Memorandum in Opposition of March 12, 2021. Defendant Kincaid's March 18, 2021 Reply withdrew the argument that Plaintiff's ADAA and RA claims are time barred.

A complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "a *plausible* claim for relief," instead of merely stating facts that leave open "the

3

*possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original). Although a court considering a motion to dismiss must accept all well-pleaded factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff has not stated a claim upon which relief can be had against Defendant Kincaid. First, Plaintiff has not shown she is a qualified individual with a disability within the scope of the ADAA and RA. Upon passing Americans with Disabilities Act, Congress excluded from the term "disability" all "gender identity disorders not resulting from physical impairments." 42 U.S.C. § 12211(b)(1). The Amended Complaint describes gender dysphoria as "discomfort or distress that is caused by a discrepancy between a person's gender identity and that person's sex assigned at birth (and the associated gender role and/or primary and secondary sex characteristics)." The issue in this case is whether gender dysphoria is the result of a physical impairment and thus excluded from the scope of the ADAA and RA.

4

Plaintiff argues that her disorder is alleviated by medical treatment and that, without hormone therapy, the disorder would substantially limit her major life activities. But the Amended Complaint fails to demonstrate that gender dysphoria is the result of a physical impairment. The Amended Complaint's definition of gender dysphoria only references physical features when it mentions genitalia not corresponding to a person's perception of her own gender. The Amended Complaint does not assert that Plaintiff's genitalia is an impairment.

Plaintiff cites the congressional record and committee hearing transcripts in an unsuccessful attempt to bring her disorder within the scope of the ADAA. The Court is unwilling to delve into legislative history when the text of the statute is unambiguous, as it is here. Plaintiff must allege some physical impairment that resulted in her gender dysphoria. She has not. Thus, her ADAA and RA claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Next, Plaintiff's allegations of gross negligence against Defendant Kincaid fail to state a claim upon which relief may be had. Plaintiff's first theory, that Defendant Kincaid committed gross negligence when she failed to enact appropriate standards and procedures to prevent Plaintiff's harm, fails because the allegations in Plaintiff's Amended Complaint preclude recovery under Virginia law.

Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." Elliott v. Carter, 292 Va. 618, 622 (2016) (internal citations omitted). Generally, the existence of gross negligence is a question of fact for the jury. But "the standard for gross negligence [in Virginia] is one of indifference, not inadequacy" and thus, "a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care." Id. (internal citations omitted).

The Amended Complaint shows Defendant Kincaid exercised some degree of care. Defendant Kincaid enacted standards relating to gender classification directed at promoting safety of inmates and prison staff. This shows the existence of some degree of care toward inmates, including Plaintiff. The Amended Complaint states that Defendant Kincaid committed gross negligence when she "failed to enact *appropriate* standards" to prevent Plaintiff's harm. (Emphasis added). Though Plaintiff describes the policy as inappropriate and inadequate, the allegations in the Amended Complaint show Defendant Kincaid exercised more than indifference. Under Virginia law, this degree of care is all that is necessary to preclude Plaintiff's gross negligence cause of action.

Plaintiff's theory of gross negligence based on the doctrine of respondeat superior fails for the same reasons. Though Defendant

Kincaid is responsible for the acts of her officers authorized by her implemented policies, the challenged policies inherently show some degree of care for inmates such as Plaintiff. Plaintiff's claim against Defendant Kincaid for gross negligence must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the foregoing reasons, Plaintiff has failed to state a claim against Defendant Kincaid, and the Complaint should be dismissed. An accompanying order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June  7 , 2021