IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| KESHA T. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>STACY A. KINCAID, et al.,<br><br>    Defendants. | Civil Action No. 1:20-cv-1397 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the Motions to Dismiss by Defendants Deputy Garcia and Xin Wang.

Plaintiff is a transgender woman who has lived as a female and received hormone therapy for fifteen years. From 2018 to 2019, Plaintiff was incarcerated at the Fairfax County Adult Detention Center ("Detention Center"). Because Plaintiff maintains the male genitalia with which she was born, Plaintiff was classified as a male during her intake. This classification was in accordance with the Sheriff's Office policy that inmates are classified based on his or her genitalia. Defendant Wang is a nurse practitioner who conducted Plaintiff's medical evaluation at the time of her intake at the Detention Center. Plaintiff informed Defendant Wang of her ongoing hormone treatment, which at the time consisted of a daily pill and bi-weekly injections.

Defendant Garcia is a deputy of the Fairfax County Sheriff's Office. In January 2019, he conducted a search of Plaintiff's person during a shakedown of Plaintiff's housing unit.

In November 2020, Plaintiff filed the present action against the Sheriff of Fairfax County, Maxim Healthcare Services, Inc., nine "Custody Does," and six "Health Care Does." Plaintiff amended the Complaint on February 12, 2021 to include Defendants Wang (presumably, one of the Health Care Does) and Garcia (presumably, a Custody Doe). Defendants Wang and Garcia filed the present Motions to Dismiss on April 2, 2021.

A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "a *plausible* claim for relief," instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original).

Although a court considering a motion to dismiss must accept all well-pleaded factual allegations as true, this deference does

2

not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Count I of the Amended Complaint claims that Defendant Wang acted with deliberate indifference toward Plaintiff as prohibited by the Eighth Amendment and brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Wang knowingly and intentionally stopped and interrupted Plaintiff's hormone therapy treatments, denied her treatment for gender dysphoria, and failed to conduct an individualized assessment of Plaintiff's gender dysphoria early during her incarceration.

First, some of Plaintiff's claims must be dismissed as time barred. Though Plaintiff filed the initial Complaint in November 2020, Defendants Garcia and Wang were not named as defendants until Plaintiff amended her complaint on February 12, 2021.

The Relation Back doctrine—which applies to defendants originally named as "Does" in the initial pleadings but identified later in an amended complaint—does not apply here. For claims against a re-named defendant in an amended complaint to relate back, the re-named defendants must receive notice of the claim before expiration of the service provided in Federal Rule of Civil Procedure 4(m). Rule 4(m) states that a defendant must be served within 90 days after the complaint is filed. The Court extended

the time period for Plaintiff to serve Defendants in this matter, but this extension does not apply for the purpose of the Relation Back doctrine. Thus, Plaintiff had until February 14, 2021, 90 days after filing the initial Complaint, to serve Defendants. She failed to do so; therefore, any claims premised on actions occurring more than two years prior to the filing of the Amended Complaint, February 12, 2021, are barred by the § 1983 two-year statute of limitations.

Within the relevant time period following February 12, 2019, the Amended Complaint references only one instance involving Defendant Wang that forms the basis of Plaintiff's deliberate indifference claim: the interruption of Plaintiff's hormone injections from April 22 to May 6, 2019.

The Amended Complaint claims that these injections were administered by the Detention Center "under the supervision of NP Wang," suggesting Defendant Wang is liable as a supervisor for the lapse in Plaintiff's hormone treatment. To show supervisory liability in a claim brought under § 1983, a plaintiff must show the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices; and

4

(3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotations omitted).

The Amended Complaint states that on May 9, 2019 Plaintiff submitted to the Detention Center a written complaint about her lapse in hormone injections. This is the Amended Complaint's only allegation that Defendant Wang had at least constructive knowledge of the Detention Center's failure to provide Plaintiff with her hormone injections. The Amended Complaint does not mention Defendant Wang's response (if any) to Plaintiff's written complaint. In fact, Plaintiff was released from the Detention Center only a few days later. Even assuming Defendant Wang had constructive knowledge, her response was not so inadequate so as to show deliberate indifference or tacit approval of the missed treatments. Count I against Defendant Wang is dismissed for failure to state a claim.

The Amended Complaint also claims Defendant Garcia discriminated against Plaintiff on the basis of her sex, in violation of the Fourteenth Amendment Equal Protection Clause. Plaintiff asserts that Defendant Garcia discriminated against her by "subjecting her to a cross-gender search of her person despite his knowledge that Ms. Williams is a woman." Plaintiff has not

5

stated a claim upon which relief can be granted against Defendant Garcia.

The § 1983 claim against Defendant Garcia is premised on a search that occurred in January 2019. Count II against Defendant Garcia is barred by the two-year statute of limitations and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Count III of the Amended Complaint claims that Defendant Wang failed to accommodate Plaintiff's alleged disability pursuant to the Americans with Disabilities Act Amendments Act ("ADAA") and the Rehabilitation Act ("RA). In her Memorandum in Opposition to the present Motion, Plaintiff stipulates to dismissal of Count III.

Plaintiff's cause of action for gross negligence against Defendants Garcia and Wang also fail to state a claim upon which relief may be had.

With respect to the allegations against Defendant Wang, "all tort claims based on the provision of health care services against health care providers are considered malpractice claims and are governed by the Virginia Medical Malpractice Act." Gedrich v. Fairfax Cty. Dep't of Fam. Servs., 282 F. Supp. 2d 439, 477 (E.D. Va. 2003). The gross negligence claim against Defendant Wang, a health care provider, is thus a medical malpractice claim under Virginia law.

6

As previously discussed, the only allegation against Defendant Wang that falls within the appropriate time period is her alleged failure to supervise the Detention Center's provision of Plaintiff's hormone injections from April 22 to May 6, 2019.

Virginia law states "there is no basis or reason for holding a physician liable for the conduct of another physician, a hospital nurse, or any other hospital employee" for medical malpractice under a theory of vicarious liability." Wolf v. Fauquier Cty. Bd. of Sup'rs, No. 1:06CV945, 2007 WL 2688418, at *6 (E.D. Va. Sept. 12, 2007) (internal quotations omitted). As such, there is no basis to hold Defendant Wang liable in a supervisory role for the Detention Center's failure to administer Plaintiff's injections. The claim against Defendant Wang for gross negligence should be dismissed for failure to state a claim upon which relief may be granted.

Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." Elliott v. Carter, 292 Va. 618, 622 (2016) (internal citations omitted). It "requires a degree of negligence that would shock fair-minded persons." Id. Generally, the existence of gross negligence is a question of fact for the jury. But "the standard for gross negligence [in Virginia] is one of indifference, not inadequacy" and thus, "a claim for gross negligence must fail as

7

a matter of law when the evidence shows that the defendants exercised some degree of care." Id. (internal citations omitted).

The Amended Complaint shows Defendant Garcia exercised some degree of care. Defendant Garcia's search of Plaintiff complied with the Sheriff's Office policies relating to gender classification, which are directed at promoting the safety of inmates and prison staff. This shows the existence of some degree of care toward inmates, including Plaintiff. Under Virginia law, this degree of care is all that is necessary to preclude Plaintiff's gross negligence cause of action.

For the foregoing reasons, Plaintiff has failed to state a claim against Defendants Garcia and Wang, and the claims against them should be dismissed. An accompanying order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 18, 2021

8